IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MELISSA MARGARET DAVIS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:07-CR-229 TS |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

On April 11, 2007, Defendant was charged in an 18 count Indictment with 15 counts of Social Security Number Misuse in violation of 42 U.S.C. § 408(a)(7)(B) and 3 counts of Concealing an Event Affecting Right to Supplemental Security Income in violation of 42 U.S.C.

---

[1] Defendant styles her Motion as one for early termination of supervised release. Defendant, however, is not on supervised release. Rather, Defendant was sentenced to probation. As a result, the Court will consider Defendant's Motion as one seeking early termination of probation pursuant to 18 U.S.C. § 3564(c).

1

§ 1383a(a)(3). Defendant pleaded guilty to counts 17 and 18 of the Indictment on January 15, 2008, and on April 3, 2008, she was sentenced to five years probation. Defendant was also ordered to pay restitution in the amount of $15,164.54.

Defendant has now served approximately one and a half years of her probation. She has also paid approximately $1,478.50 of restitution, leaving approximately $13,686.04. Defendant represents that her restitution payments are automatically deducted from her social security. Defendant further represents that she completed a program for prescription drug abuse, which was not part of her probation. Defendant states that her probation status is making it difficult for her to find a part-time job and get an apartment.

## II.  DISCUSSION

18 U.S.C. § 3564(c) provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Considering these factors, the Court finds that early termination of Defendant's probation is not warranted by the conduct of the Defendant or in the interest of justice. As indicated, Defendant was sentenced to a 60 month term of probation. Defendant has now served approximately a year and a half of that sentence, a relatively short period of time. When the Court sentenced Defendant, it found a sentence of 60 months probation to be the reasonable sentence in light of the § 3553(a) factors. Nothing in Defendant's Motion convinces the Court that now a lesser term of probation is reasonable under these factors.

Further, the Defendant still owes a large amount of restitution in this matter.  Defendant states that restitution is automatically deducted from her social security.  But, as the government points out, continued restitution payments through withholding of social security is not guaranteed.  Rather, Defendant's social security income could change based on certain factors, including her future employment.  The Court finds that continued probation is necessary to ensure that restitution payments continue to be made by Defendant.

Finally, Defendant asserts that she is having difficulty finding employment and housing as a result of her probationary status.  The Court finds that these are not sufficient reasons to terminate Defendant's probation.  Rather than terminating her probation, Defendant is counseled to take advantage of those programs and opportunities available to her through the probation office.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Early Termination of Supervised Release (Docket No. 33) is DENIED.

DATED   November 5, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge